UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 18-21-SDD-RLB |
| TRAVIS R. JAMES, ET AL | |

### RULING

This matter is before the Court on the *Motion to Compel Disclosure Concerning Confidential Informant(s)*[1] filed by Defendant, Travis R. James ("Defendant"). The Government has filed an *Opposition*[2] to this motion. For the reasons that follow, the Court finds that the motion should be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was one of fifteen individuals indicted by the grand jury on March 1, 2018, in connection with a conspiracy to distribute controlled substances.[3] Because it was Defendant's understanding that a confidential informant or informants "not only initiated but became actively involved in the charges"[4] against him, Defendant requested information about the identity of any such informants in his *Rule 16 Discovery and Inspection Request*.[5] Defendant alleges that the Government's discovery responses "did

---

[1] Rec. Doc. No. 137.
[2] Rec. Doc. No. 184.
[3] Rec. Doc. No. 1; Superseding Indictment at Rec. Doc. No. 284.
[4] Rec. Doc. No. 137-1, p. 1.
[5] Rec. Doc. No. 23.
48763

not provide the identity and other pertinent information"[6] as requested. Hence, Defendant filed the instant *Motion to Compel.*

In his *Motion*, Defendant argues that disclosure of the confidential informant is appropriate because "the informant(s) activity in the substantive counts against the defendant was substantial"[7] and because disclosure is "of importance to the Defendant . . . in the preparation of his rightful defense."[8] The Government denies that confidential informants played a significant role in the investigation into Defendant, asserting that "neither federal law enforcement agents nor informants participated in any undercover encounter with the defendant . . .during the period of this investigation."[9] Instead, the Government claims, the evidence in support of Defendant's indictment "came from the wiretaps occurring over the phones used by [Defendant], and in some instance, the surveillance conducted by law enforcement agents."[10]

## II. LAW AND ANALYSIS

### A. Disclosure of Confidential Informants

The United States Supreme Court's decision in *Roviaro v. United States*[11] is the controlling precedent in determining whether to grant a defendant's motion for disclosure of confidential informants. In *Roviaro*, the Court recognized "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of

---

[6] Rec. Doc. No. 137-1, p. 1.
[7] Rec. Doc. No. 137-1, p. 3.
[8] *Id.* at p. 4.
[9] Rec. Doc. No. 184, p. 3.
[10] Rec. Doc. No. 184, pp. 4-5.
[11] 353 U.S. 53, 77 S. Ct. 623 (1957).
48763

law to officers charged with enforcement of that law."[12] The scope of the privilege depends on the underlying facts. In interpreting *Roviaro*, the United States Court of Appeals for the Fifth Circuit has articulated a three-part test to determine when disclosure is mandated. Under that test, the Court must examine: (1) the level of the informant's activity; (2) the helpfulness of disclosure to the asserted defense; and (3) the Government's interest in nondisclosure.[13] The burden is on the defendant to show exceptional circumstances warranting disclosure of the name of a confidential informant.[14] The trial court is afforded great discretion in making this determination.[15]

### B. Analysis

#### 1. The Level of the Informant's Activity

The parties disagree on the level of informant activity in this case. Defendant states that he "has been provided information by the Government, in response to his discovery requests, which evidence[s] [that] the informant(s) activity in the substantive counts against the defendant was substantial."[16] Specifically, Defendant claims that "[the] informant(s) negotiated and arranged one or more purported illegal transactions of [the] subject of the indictment, and was personally present at one or more of the consummations thereof."[17] Moreover, Defendant claims that the informant "was either

---

[12] 353 U.S. at 59.
[13] *United States v. Vizcarra-Porras*, 889 F.2d 1435, 1438 (5th Cir. 1989); *see also United States v. Toro*, 840 F.2d 1221, 1232 (5th Cir. 1988).
[14] *State v. Smith*, 09-259 (La.App. 5 Cir. 11/24/09), 28 So.3d 1092, 1097.
[15] *Id.*
[16] Rec. Doc. No. 137-1, p. 3.
[17] *Id.* at p. 1.
48763

wired by the Government, or allowed his telephone conversation to be taped,"[18] and that the informant was at times "the only person present"[19] during the arranged transactions.

If the informant's activity was as extensive as Defendant suggests, the argument for disclosure would be stronger, insofar as more extensive activity would weigh in favor of disclosure.[20] However, Defendant fails to cite specific evidence or facts in support of his claims regarding the informant's allegedly substantial involvement. Defendant repeatedly states that his information about the informant or informants was "provided by the Government"[21] and disclosed in the Government's discovery responses but does not provide proof of such. As discussed above, the burden is on the defendant to show exceptional circumstances warranting disclosure of a confidential informant. Defendant's vague and somewhat conclusory statements regarding substantial informant activity are not sufficient to meet this burden, especially in light of the Government's assertion, discussed below, that informant activity did not play a direct part in Defendant's indictment.

For its part, the Government asserts that "[n]either federal law-enforcement agents nor informants participated in any undercover encounter with the Defendant . . . during the period of this investigation."[22] Indeed, the record reflects that any confidential informant activity in this case is substantially attenuated from the Defendant's charged

---

[18] *Id.* at p. 3.
[19] *Id.* at p. 3.
[20] *See United States v. Ayala*, 643 F.2d 244 (5th Cir. 1981).
[21] Rec. Doc. No. 137-1, p. 3.
[22] Rec. Doc. No. 184, p. 3.
48763

offenses. In support of the Government's *Application for Authorization to Intercept Wire and Electronic Communications* for telephone numbers used by Defendant,[23] Drug Enforcement Administration ("DEA") Task Force Officer Charles Scott Courrege offers an affidavit outlining the investigative history of the case. Per Courrege, beginning in January 2017, DEA agents undertook measures, "including the development of a confidential source,"[24] to investigate alleged drug activity by an individual named Christian Hull and his organization. That confidential informant participated in several controlled drug buys with Christian Hull.[25] Those controlled buys between Hull and the informant were among the evidence offered by the Government in support of its application for a wiretap of Hull's communications.[26] That wiretap was authorized on March 27, 2017.[27]

The communications intercepted via the Hull wiretap identified an individual named Byron Archie Lawson as a source of supply for Hull.[28] On April 20, 2017, the Government received authorization to intercept Lawson's telephone communications.[29] Task Force Officer Courrege attested that "through intercepted communications and surveillance"[30] related to the Lawson wiretap, the Government obtained the evidence that it later offered in support of its Application for Authorization to Intercept Wire and Electronic Communications for the instant Defendant. Overall, the Government's exhibits

---

[23] Rec. Doc. No. 184-1.
[24] Rec. Doc. No. 184-1, p. 23.
[25] *Id.*
[26] *Id.* at p. 24.
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] Rec. Doc. No. 184-1, p. 24.
48763

demonstrate that the confidential informant's activity was limited to participating in controlled drug buys that helped the DEA develop probable cause for an application for a wiretap on Christian Hull, which, combined with surveillance activities, led to a wiretap on Byron Lawson, which led to a wiretap and a search warrant pertaining to Defendant herein.

Louisiana federal courts often conclude that a confidential informant's level of activity is insufficient to require disclosure, even where the informant in question is significantly more involved than in the instant case. For example, in *United States v. Edwards*,[31] the Fifth Circuit held that disclosure was not required where the defendant sold crack cocaine to a confidential informant, and the fact of that sale was later used as probable cause to obtain a search warrant. If a direct drug transaction between a defendant and an informant is not a sufficient level of informant activity to merit disclosure, then it surely cannot be sufficient in the instant case that a controlled buy using an informant was used to obtain a wiretap, that led to another wiretap, that led to a third wiretap that led to the charges against the Defendant.

In this case, the record reflects that the confidential informant's activity was limited to helping secure authorization for a wiretap of a third person, not Defendant. Because the confidential informant's activity was indirect and attenuated from the instant charged offenses, the Court finds that the first factor in the disclosure analysis, the level of the informant's activity, weighs strongly in favor of nondisclosure.

---

[31] 133 F.App'x. 960, 963 (5th Cir. 2005).
48763

## 2. The Helpfulness of Disclosure to the Asserted Defense

The second *Roviaro* factor, the helpfulness of disclosure to the asserted defense, also weighs in favor of nondisclosure. Courts have held that the burden is "squarely on the defendant to show that disclosure is essential for an adequate defense—and it is a 'heavy' one; it is not met by speculating about how useful an informant's testimony might be, for example."[32] Here, Defendant asserts that disclosure regarding the informant is "essential to the defense"[33] and "essential to a fair trial in this matter."[34] Moreover, he argues that:

> the testimony of the confidential informant(s) in this case is directly relevant, and helpful to defendant's review and preparation concerning any inducement and pre-disposition of the defendant, as well as, credibility, history, motivation, and conduct of the informant in the past, and on behalf of the Government. His testimony is necessary to properly prepare for the defense of the defendant in this matter, as the informant would be called to testify concerning his participation and the governmental inducements directed towards the defendant, and himself, as well.[35]

This general recitation of the potential helpfulness to the defense is not sufficient to require disclosure, especially in light of Defendant's failure to establish that the informant was, as he claims, substantially and directly involved in the case against Defendant. There is no evidence of any direct contact or link between the confidential informant and

---

[32] *United States v. Sinha,* No. 1:14CR9-HSO-JMR, 2014 WL 4402580, at *1-3 (S.D. Miss. Sept. 5, 2014) (citing *United States v. Mills*, 710 F.3d 5, 14 (1st Cir. 2013)); see also *United States v. Wilson*, 77 F.3d 105, 112 (5th Cir. 1996) (finding no abuse of discretion in denying disclosure of the identity of an informant where the defendant "failed to produce any evidence or specific allegations of how these informants' testimony might bear on his guilt or innocence").
[33] Rec. Doc. No. 137-1, p. 1.
[34] Rec. Doc. No. 137-1, p. 1.
[35] Rec. Doc. No. 137-1, p. 3.
48763

the Defendant, hence the "inducements" concern is not implicated here. Thus, the Court finds that the second factor weighs in favor of nondisclosure because Defendant has not met his burden. As the Louisiana Fourth Circuit stated in *State v. Regis*,[36] "[m]erely alleging that contradictory testimony may be possible does not constitute 'exceptional circumstances' or a 'concrete reason' to disclose the identity of the confidential informant."[37]

### 3. The Government's Interest in Nondisclosure

The Government does not specifically address its interest in nondisclosure; it merely asserts that "[t]he D.E.A. did not use informants to gather evidence."[38] It follows that the Government does not have an interest in the nondisclosure of confidential informants if no informants were involved in the charges against Defendant. Thus, the third *Roviaro* factor also weighs in favor of nondisclosure.

Overall, having found that all three *Roviaro* factors weigh in favor of nondisclosure, the Court concludes that Defendant's Motion should be denied.

---

[36] 2009-0806 (La.App. 4 Cir. 11/12/09), 25 So.3d 183, writ denied, 2010-0003 (La. 6/18/10), 38 So.3d 322.
[37] *Id.*
[38] Rec. Doc. No. 184, p. 4.
48763

## III. CONCLUSION

For the reasons set forth above, the Defendant's *Motion to Compel Disclosure Concerning Confidential Informant(s)*[39] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 14, 2018</u>.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[39] Rec. Doc. No. 137.
48763