# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | 18-21-SDD-RLB |
| TRAVIS R. JAMES, ET AL. | |

## RULING

This matter is before the Court on the *Motion To Request Pre-Trial Disclosure of Any Promises of Leniency or Other Agreements Between the Government and its Potential Witnesses and For Pre-Trial Disclosure of the Criminal Records and/or Acts of Misconduct of Potential Government Witnesses for Impeachment Purposes*[1] filed by Defendant Travis James and adopted by co-Defendants Troy James,[2] Melvin Jacobs,[3] and Harris Hampton, III;[4] the *Motion in Limine Concerning Incriminating Confession of a Non-Testifying Co-Defendant at Trial*[5] filed by Defendant Travis James, and adopted by co-Defendants Troy James,[6] Melvin Jacobs,[7] and Harris Hampton, III;[8] *Motion for Release of Brady Materials*[9] filed by Defendant Michael Nelson and adopted by co-Defendant Harris Hampton, III;[10] and *Motion to Produce Jencks Act Material*[11] filed by

---

[1] Rec. Doc. No. 138.
[2] Rec. Doc. No. 140.
[3] Rec. Doc. No. 253.
[4] Rec. Doc. No. 254.
[5] Rec. Doc. No. 139.
[6] Rec. Doc. No. 141.
[7] Rec. Doc. No. 253.
[8] Rec. Doc. No. 254.
[9] Rec. Doc. No. 117.
[10] Rec. Doc. No. 254.
[11] Rec. Doc. No. 119.
48993

Defendant Michael Nelson and adopted by co-Defendant Harris Hampton, III.[12] The Government has filed *Opposition/Responses*[13] to these motion.

## I. LAW AND ANALYSIS

In contrast to the standard for obtaining discovery under Rule 16, the Government is under an affirmative duty to disclose exculpatory information under *Brady v. Maryland*.[14] Due process requires that the Government disclose evidence favorable to the accused that is material to guilt or punishment and that such disclosures be made timely to allow a Defendant to make effective use of the information at trial.[15] Unlike Rule 16, however, "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation."[16] The Government "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."[17] *Giglio v. United States* extends the Government's disclosure obligation to include evidence that would impeach a Government witness.[18] Likewise, the Jencks Act requires that the Government disclose statements or reports made by Government witnesses or prospective witnesses, but the Act requires that such disclosure be made only after the witness has testified on direct examination.[19]

Neither the motion regarding disclosure of potential incriminating confession(s) of non-testifying co-Defendants nor the motion for disclosure of agreements with the Government alleges that the Government has failed to meet its obligation to provide such

---

[12] Rec. Doc. No. 254.
[13] Rec. Doc. Nos. 186, 187, & 188.
[14] 373 U.S. 83 (1963).
[15] *United States v. McKinney*, 758 F.2d 1036, 1049–50 (5th Cir. 1978).
[16] *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978).
[17] *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).
[18] 405 U.S. 150 (1972).
[19] 18 U.S.C. § 3500.

48993

information; both motions appear to prospectively seek such relief. In response, the Government provides Defendant with the statement of co-Defendant Kim Murphy given during a January 22, 2018 traffic stop. However, the Government notes that, at this time, none of the other co-Defendants in this case have entered into plea agreements with the Government. The Government submits that, should it enter into a plea agreement with a co-Defendant requiring cooperation, the Government will comply with its *Giglio* obligations at the appropriate time before trial.[20]

The Court agrees that a hearing on this matter is premature given the current procedural posture of this case and the pending *Motions to Suppress*. Accordingly, the *Motion To Request Pre-Trial Disclosure of Any Promises of Leniency or Other Agreements Between the Government and its Potential Witnesses and For Pre-Trial Disclosure of the Criminal Records and/or Acts of Misconduct of Potential Government Witnesses for Impeachment Purposes*[21] and the *Motion in Limine Concerning Incriminating Confession of a Non-Testifying Co-Defendant at Trial*[22] are DENIED without prejudice to any Defendants' right to re-urge such a motion if circumstances so warrant and with the acknowledgement that the Government has declared its intent to timely meet its legal obligations under *Giglio* and *Brady.*

As to the request for Jencks Act material, such a request is also premature. The law is clear that the Government is not required to turn over Jencks Act material until after

---

[20] The Court notes that, at the time of the filing of the Government's *Response*, the Government had not entered into any plea agreements with any co-Defendants. As of the date of this *Ruling*, the co-Defendant Sidney Jarvis has notified the Court that he intends to enter a plea of guilty pursuant to a plea agreement, Rec. Doc. No. 196, and this re-arraignment is currently set for December 4, 2018, Rec. Doc. No. 313. The Court accepts the Government's admission that it is aware of its legal obligations set forth above and shall timely and fully comply with those obligations as they arise.
[21] Rec. Doc. No. 138.
[22] Rec. Doc. No. 139.
48993

the witness has testified at trial, although it is common practice for the Government to produce such material the Friday before trial.[23]  Therefore, the *Motion to Produce Jencks Act Material*[24] is DENIED as premature.

In his *Motion for Release of Brady Materials*,[25] the Defendant does not contend that the Government has violated its obligation under *Brady* or withheld exculpatory evidence.  The Defendant merely seeks a blanket request that the Government disclose all *Brady* materials "within a reasonable time before trial."[26] To the extent Defendant seeks such material "immediately," that request is DENIED; however, to the extent the motion seeks timely disclosure in accordance with the law, the *Motion for Release of Brady Materials*[27] is GRANTED, and the Government is ordered to disclose all discovered *Brady* materials in an expeditious manner such that the Defendants have sufficient time for trial preparation.

## II.  CONCLUSION

For the reasons set forth above, the *Motion To Request Pre-Trial Disclosure of Any Promises of Leniency or Other Agreements Between the Government and its Potential Witnesses and For Pre-Trial Disclosure of the Criminal Records and/or Acts of Misconduct of Potential Government Witnesses for Impeachment Purposes,*[28] *Motion in Limine Concerning Incriminating Confession of a Non-Testifying Co-Defendant at Trial,*[29] and *Motion to Produce Jencks Act Material*[30] are DENIED without prejudice as premature.

---

[23] *See United States v. Fatty*, No. 17-161, 2018 WL 3708660 at *3 (E.D. La. Aug. 3, 2019).
[24] Rec. Doc. No. 119.
[25] Rec. Doc. No. 117.
[26] Rec. Doc. No. 117-1 at 3.
[27] Rec. Doc. No. 117.
[28] Rec. Doc. No. 138.
[29] Rec. Doc. No. 139.
[30] Rec. Doc. No. 119.
48993

The *Motion for Release of Brady Materials*[31] is GRANTED in part and DENIED in part as set forth above.

    **IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 26, 2018</u>.

*Shelly D. Dick*
_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[31] Rec. Doc. No. 117.

48993