

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INTERCEPTION OF WIRE AND ELECTRONIC COMMUNICATIONS CONDUCTED OVER CELLULAR TELEPHONE NUMBER 225-999-5258, IMSI: 310410837841467; AND WIRE COMMUNICATIONS CONDUCTED OVER CELLULAR TELEPHONE NUMBER 225-200-9590, IMEI: 355733075466670 | SEALED RECORD NO: 17-mc-57-BAJ |

**ORDER AUTHORIZING THE INTERCEPTION
OF WIRE AND ELECTRONIC COMMUNICATIONS**

Application under oath having been made before me by Kevin R. Sanchez, an Assistant United States Attorney for the Middle District of Louisiana, who is an "investigative or law enforcement officer" as defined in Section 2510(7) of Title 18, United States Code, for an Order pursuant to Section 2518 of Title 18, United States Code, authorizing the interception and recording of: (i) wire and electronic communications conducted over cellular telephone number 225-999-5258, more specifically described below, and (ii) wire communications conducted over cellular telephone number 225-200-9590, more specifically described below, and full consideration having been given to the matters set forth therein, the Court finds there is probable cause to believe that:

(a) **BYRON ARCHILE LAWSON** ("LAWSON"), **JAMES CHRISTIAN HULL**, a.k.a. "Christian," "Chris," "Mike," and "Fat Boy" ("HULL"), **SHALYA TRIKING PAYNE** ("PAYNE"), **HENRY HAYES** ("HAYES"), **TRAVIS REYNARD JAMES** ("TRAVIS JAMES"), **TROY LEE JAMES**, a.k.a. "Big Bro Troy" ("TROY JAMES"), and others as yet unidentified ("TARGET SUBJECTS"), are involved in distribution of methamphetamine,

U.S. Exhibit 3

heroin, and cocaine, and conspiracy to do the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and unlawful use of communication facilities, in violation of Title 21, United States Code Section 843(b) ("**TARGET OFFENSES**").

 (b) Certain of the **TARGET SUBJECTS**, during the period of interception authorized by this Order, will use:

  i. Wire and electronic communications occurring over a cellular telephone assigned number 225-999-5258, with International Mobile Subscriber Identity (IMSI) 310410837841467, a prepaid cellular telephone serviced by AT&T, subscriber name is Prepaid Customer, 123 Your Street, Your Town, GA 70816, known to be used by **TRAVIS JAMES** in the Middle District of Louisiana (hereinafter referred to as "**TARGET TELEPHONE 4**"), and based on geolocation information, **TARGET TELEPHONE 4** is located in the Middle District of Louisiana, which is within this court's jurisdiction. In the event that **TARGET TELEPHONE 4** is transferred outside the territorial jurisdiction of this Court, pursuant to 18 U.S.C. § 2518(3), interceptions may continue without interruption during the 30-day period authorized herein.

  ii. Wire communication occurring over a cellular telephone assigned number 225-200-9590, with International Mobile Equipment Identity (IMEI) 355733075466670, whose service provider is T-Mobile USA, customer name is T-James, subscriber name is Yascia Lafrance, 16306 Venetian Ave., Baton Rouge, LA 70817, and known to be used by **TRAVIS JAMES** in the Middle District of Louisiana (hereinafter referred to as "**TARGET TELEPHONE 5**").

2

(c)     The interception of wire and electronic communications over **TARGET TELEPHONE 4**, and wire communications over **TARGET TELEPHONE 5**, authorized by this Order will reveal: (i) the nature, extent and methods of operation of the illegal drug trafficking business of the **TARGET SUBJECTS**; (ii) the identities of the **TARGET SUBJECTS**, their accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities; (iii) the receipt and distribution of contraband and money involved in those activities; (iv) the locations of money and of items used in furtherance of those activities; (v) the existence and locations of records; (vi) the location and source of resources used to finance their illegal activities; and (vii) the location and disposition of the proceeds from those activities. In addition, these wire and electronic communications are expected to constitute admissible evidence of the commission of the above-described offenses; and

(d)     It has been adequately established that normal investigative techniques have been tried and have failed or reasonably appear unlikely to succeed if tried, or are too dangerous to employ.

WHEREFORE, IT IS HEREBY ORDERED that pursuant to the authority vested in him by Section 2516 of Title 18, United States Code, by Order Number 3854-2017, dated February 27, 2017, the Application having been authorized by Acting DAAG Raymond Hulser of the Criminal Division, who has been specially designated by the Attorney General of the United States to exercise the powers conferred on him by Section 2516 of Title 18, United States Code, special agents the Application having been authorized by the Attorney General of the United States to exercise the powers conferred by Section 2516 of Title 18, United States Code, special agents of the Drug Enforcement Administration ("DEA") and other "investigative and law enforcement officers," as defined in Section 2510(7) of Title 18, United States Code, to be

assisted, if necessary, by authorized translators; are authorized to intercept and to record wire and electronic communications of the **TARGET SUBJECTS** over **TARGET TELEPHONE 4**, and wire communications of the **TARGET SUBJECTS** over **TARGET TELEPHONE 5**, within the thirty (30) day period, until such wire and electronic communications are intercepted that fully reveal: (i) the nature, extent and methods of operation of the narcotics business of the **TARGET SUBJECTS**; (ii) the identities of the **TARGET SUBJECTS**, their accomplices, aiders and abettors, co-conspirators, and participants in their illegal activities; (iii) the receipt and distribution of contraband and money involved in those activities; (iv) the locations of money and of items used in furtherance of those activities; (v) the existence and locations of records; (vi) the location and source of resources used to finance their illegal activities; and (vii) the location and disposition of the proceeds from those activities.

The authorization given is intended to apply not only to the target telephone numbers listed above, but also to any other telephone number or telephone accessed through the above-referenced IMSI number, and to any other IMSI number accessed through the target telephone number referenced above, and to any other telephone number subsequently assigned to or used by the instrument bearing the same international mobile equipment identity number used by the other target telephone, within the thirty (30) day period. The authorization is also intended to apply to the target telephone numbers referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephones while the telephones are off the hook or otherwise in use.

IT IS FURTHER ORDERED that this Order is binding on any subsequent service provider which provides service to **TARGET TELEPHONE 4** and **TARGET TELEPHONE 5** upon service of a certified copy of this Order without further order of this court being required.