UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 18-21-SDD-RLB |
| TRAVIS R. JAMES, ET AL. | |

**RULING**

This matter is before the Court on the *Motion to Suppress Wire Intercepts*[1] *filed* by Defendant, Travis R. James ("Travis James"). The Government has filed an *Opposition*[2] to this motion, to which Travis James filed a *Reply*.[3] For the following reasons, Travis James' *Motion* is DENIED.

**I.   BACKGROUND**

This criminal action arises out of an *Indictment* charging fifteen Defendants in a drug conspiracy to distribute and to possess with the intent to distribute illegal narcotics, beginning around January 2015 and continuing until around January 2018 in the Middle District of Louisiana and elsewhere.[4] On May 6, 2017, during the investigation that led to the instant *Indictment*, the Government applied to District Judge James J. Brady ("Judge Brady") for authorization to conduct a wiretap on two telephones, known as Target Telephone 4 and Target Telephone 5.[5] The record reflects that the wiretap application was signed by Assistant U.S. Attorney Kevin R. Sanchez ("AUSA Sanchez") after he took

---
[1] Rec. Doc. No. 549.
[2] Rec. Doc. No. 529.
[3] Rec. Doc. No. 534.
[4] Rec. Doc. No. 1. *See* also Third Superseding Indictment, Rec. Doc. No. 469.
[5] Rec. Doc. No. 529-1.
58164

an oath, administered by Judge Brady, swearing to the truthfulness of the allegations in the application.[6] The wiretap application was accompanied by an affidavit by Drug Enforcement Administration Task Force Officer Charles Scott Courrege ("Officer Courrege"), who also took an oath administered by Judge Brady, swearing to the contents of his affidavit.[7] Judge Brady then signed the Order authorizing the wiretap at 9:55 A.M. on May 6, 2017.[8]

On May 27, 2017, the Government applied for authorization to intercept communications to and from another telephone, Target Telephone 6.[9] This time, the application was made by Assistant U.S. Attorney Robert W. Piedrahita ("AUSA Piedrahita"). Like the application for Target Telephones 4 and 5, the application for Target Telephone 6 was accompanied by an affidavit by Officer Courrege.[10] The record reflects that on May 27, 2017, both AUSA Piedrahita and Officer Courrege swore to their statements in the application and affidavit.[11] Judge Brady then signed the Order authorizing the wiretap at 10:25 A.M. on May 27, 2017.[12]

Travis James contends that Judge Brady's signature on the May 6, 2017 Order for Target Telephones 4 and 5 is "inconsistent and/or appear[s] not to be identical or the same"[13] as his signature on the May 27, 2017 Order for Target Telephone 6. If the signatures are not the same, Travis James argues, "then one or more of the Orders are

---

[6] Rec. Doc. No. 529-2, p. 4.
[7] Rec. Doc. No. 529-3, p. 1; Rec. Doc. No. 529-4, p. 3.
[8] Rec. Doc. No. 529-2, p. 4.
[9] Rec. Doc. No. 529-19.
[10] Rec. Doc. No. 529-21.
[11] Rec. Doc. No. 529-20, p. 5; Rec. Doc. No. 529-22, p. 3.
[12] Rec. Doc. No. 549-3, p. 2.
[13] Rec. Doc. No. 549, p. 1.
58164

invalid and could not, by law, authorize subject intercepts."[14] The Government opposes the *Motion to Suppress* because, in its view, "James' motion rests solely upon innuendo and conjecture."[15] According to the Government, the record reflects that "everything was above board" and that "Judge Brady had the opportunity to review every pleading bearing his signature in connection to the wiretaps authorized."[16] On that basis, the Government asks this Court to "deny defendant's motion to suppress without a hearing."[17]

## II.   LAW AND ANALYSIS

Travis James moves to suppress these wiretaps, a permissible remedy under 18 U.S.C. § 2518(10)(a), which states:

> Any aggrieved person in any trial, hearing, or proceeding ... may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that:
>
> (i) the communication was unlawfully intercepted;
> (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or
> (iii) the interception was not made in conformity with the order of authorization or approval.

Generally, "[t]he proponent of a motion to suppress has the burden of proving, by a preponderance of the evidence, that the evidence in question was obtained in violation of his Fourth Amendment rights."[18] "[D]efendants must at least allege particular facts which would tend to indicate some government impropriety," and "general, conclusory

---

[14] Rec. Doc. No. 549, p. 1.
[15] Rec. Doc. No. 529, p. 4.
[16] Rec. Doc. No. 529, p. 5.
[17] Rec. Doc. No. 529, p. 5.
[18] *United States v. Kelley*, 981 F.2d 1464, 1467 (5th Cir. 1993)(quoting *United States v. Smith*, 978 F.2d 171, 176 (5th Cir. 1992)).
58164

allegations based upon mere suspicions do not entitle a defendant to have evidence suppressed."[19]

Again, 18 U.S.C. § 2518(10)(a) permits defendants to move for the suppression of evidence where the Order authorizing a wiretap is "insufficient on its face." Travis James does not address that statutory language or offer any substantive argument whatsoever that the Orders in question are facially insufficient. He relies on a different provision of §2518, stating that to his knowledge, "the only support on this issue is contained . . . in the actual statutory text at 18 U.S.C. § 2518(f)(3) [sic]."[20] 18 U.S.C. § 2518(f)(3) does not exist, but James goes on to quote from 18 U.S.C. § 2518(3), which provides that when a wiretap application is made, "the judge may enter an *ex parte* order, as requested or as modified, authorizing or approving interception of wire, oral, or electronic communications within the territorial jurisdiction of the court in which the judge is sitting."

James does not explain what aspect of §2518(3) was allegedly not followed in this case. Instead, he repeatedly hints at "differences in signature of the Judge"[21] on the face of the May 6th and May 27th Orders, apparently relying upon the Court to read between the lines and supply an argument that he does not make. How do these "differences" render the Orders facially insufficient? Travis James does not say. He does not allege that the signatures were forged; in fact, he does not allege any facts whatsoever to indicate impropriety or illegality on the part of the Government. He simply attaches the signed May 6th and May 27th applications and invites the Court to compare the signatures. There are *slight* variations in the signatures on the Orders. But slight variation

---

[19] *United States v. de la Fuente*, 548 F.2d 528, 533 (5th Cir.1977).
[20] Rec. Doc. No. 549-1, p. 1.
[21] Rec. Doc. No. 534, p. 1.
58164

in a signature, easily explained by the quirks of human penmanship, does not compel the conclusion that an Order is insufficient on its face.

Travis James now asks this Court to "delay in making any decision"[22] on the instant motion so that he can raise funds to hire a handwriting expert to perform an analysis. The Court declines to delay decision for the purpose of engaging a handwriting expert where James has made no plausible argument and offered no factual support for his insinuation that something illegal was afoot with respect to Judge Brady's signatures on these Orders. A visual comparison of the signatures on the May 6th and May 27th Orders reveals no inconsistency so significant to warrant expert handwriting analysis.

Other courts have denied motions to suppress relating to signatures on wiretap Orders, even where the allegations of illegality were much stronger than those presented herein. In the Fifth Circuit case *United States v. De la Fuente*,[23] six defendants charged in a conspiracy to distribute heroin and cocaine sought to suppress the wiretap evidence against them, arguing that the Government could not prove that the wiretap had been authorized by a proper official. When the Government countered by introducing the wiretap application, which was signed by the Attorney General, the defendants argued that the signature of the Attorney General on the application "had not been properly authenticated"[24] and that therefore "there was no proper proof of personal authorization by the Attorney General."[25]

---

[22] Rec. Doc. No. 534, p. 2.
[23] 548 F.2d 528 (5th Cir. 1977).
[24] *Id.* at 531.
[25] *Id.*
58164

The court denied the motion to suppress because the defendants "alleged no particular facts in their motions to suppress . . . tending to show that [the] signature was inauthentic or indicating a likelihood that someone other than the attorney general himself had approved the authorization"[26] and thus failed to carry their burden of making a "*prima facie* showing of illegality."[27] The *De la Fuente* court acknowledged the importance of ensuring that wiretaps are conducted with proper authorization, but noted that "[r]equiring that the government 'prove up' the authorizing signature . . . every time it wishes to introduce wiretap evidence at a criminal trial would insure a field day for captious and costless technical objections, yet give little assurance of effectively screening out wiretap evidence obtained without the prescribed authorization."[28]

Although Travis James' argument is primarily focused on the signature of the authorizing Judge, not the Attorney General, the same reasoning applies. Absent some specific allegation or evidence of illegality surrounding the signing of a wiretap authorization, suppression is not justified. Merely printing out various copies of Judge Brady's signature and suggesting an unspecified issue with the "authenticity of the ordering Judge's signature"[29] does not suffice to carry the defendant's burden on a motion to suppress.

Another relevant case is *United States v. Johnson*, where the United States Court of Appeals for the Third Circuit considered whether to grant suppression of a wiretap based on the fact that the judge's signature on the authorization was "stamped, rather

---

[26] *Id.* at 534.
[27] *Id.*
[28] *Id.* at 532.
[29] Rec. Doc. No. 549-1.
58164

than handwritten."[30] The court found that the stamped signature was a "technical defect not warranting suppression,"[31] noting that the stamp argument was especially weak in light of the fact that the "District Judge whose signature the document bore testified to having authorized"[32] the wiretap. Judge Brady cannot testify to his role in signing these Orders, since he passed away in 2017. However, even if he were still on the bench, the Court finds it extremely unlikely that he, or any district judge, would take the stand to defend allegations as flimsy and disingenuous as the ones in the instant motion.

In a different case captioned *United States v. Johnson*, the defendant in a drug conspiracy sought suppression of the wiretap evidence against him on the basis that the memorandum in support of the wiretap application had the name and title of one Assistant U.S. Attorney under the signature line, but was actually signed by a *different* Assistant U.S. Attorney. The Eastern District of Louisiana found that because the person who signed it had the proper authority to do so, the discrepancy was "insufficient"[33] to merit suppression. If having a completely different person sign an application is not a Fourth Amendment violation, then neither is the presence of slight variations in a signature which can easily be attributed to penmanship.

Travis James's second argument for suppression relates to the fact that Judge Brady signed two Orders approving the wiretap on Target Telephone 6 on May 27, 2019: one that is stamped as "filed," and a duplicate original that is stamped "COPY." Both documents were signed by AUSA Piedrahita and Judge Brady, with Judge Brady

---

[30] 639 Fed.Appx. 78, 84 (3rd Cir. 2016).
[31] *Id.* at 84 (quoting *United States v. Traitz*, 871 F.2d 368, 379 (3d Cir. 1989)).
[32] *Id.* at 85.
[33] 2008 WL 1820104 at *4 (E.D. La. 2008).
58164

indicating on the face of both that he was signing on May 27, 2017 at 10:25 A.M.[34] James questions these "duplicate orders," suggesting that the Government has failed to explain "the need for two orders' signatures for the same phone on the same date."[35] If there is a legal basis for invalidating the wiretap authorization because an original and a copy were signed, the Court is not aware of it, and Travis James does not state it. James complains that the Government's *Opposition* "did not provide any assistful information"[36] to explain why duplicate Orders were signed "at the same hour and minute, regarding the identical target telephone."[37] But the burden here is on the Defendant, not the Government, and merely pointing out that the Judge signed an original and a copy, without stating any reason why that constitutes a violation, does not meet that burden.

## III. CONCLUSION

For the reasons set forth above, the *Motion to Suppress*[38] is hereby DENIED and no hearing will be held on the motion.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on December 4, 2019.

*Shelly D. Dick*
_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[34] Rec. Doc. No. 549-3; Rec. Doc. 549-4.
[35] Rec. Doc. No. 534, p. 1.
[36] Rec. Doc. No. 534, p. 1.
[37] *Id.*
[38] Rec. Doc. No. 549.
58164