**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

18-21-SDD-RLB

TRAVIS R. JAMES

**RULING**

This matter is before the Court on the Motion to Vacate under 28 U.S.C. § 2255[1] filed by Defendant, Travis R. James ("Defendant"). The United States of America ("the Government") filed an Opposition[2] to this motion, to which Defendant filed a Reply.[3] For the following reasons, Defendant's Motion will be denied.

## I. BACKGROUND

The factual and procedural background of this case as it relates to this Defendant has been set forth extensively in the Court's prior Rulings[4] and by the United States Court of Appeals for the Fifth Circuit in *United States v. Travis R. James,*[5] and the Court adopts that background by reference herein. The Court will briefly review the salient background for purposes of the claims raised in this motion.

On October 27, 2020, Defendant pled guilty, pursuant to a Plea Agreement, to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, 280 grams or more of cocaine base, and one or more kilograms of heroin, in violation of 21 U.S.C. § 846 (Count 1 of the Fourth Superseding Indictment); possession

---

[1] Rec. Doc. 1291.
[2] Rec. Doc. 1324.
[3] Rec. Doc. 1327.
[4] Rec. Docs. 315, 379, 407, 552, 1064.
[5] Rec. Doc. 1268; No. 22-30734, 2024 WL 111371 (5th Cir. Jan. 10, 2024).

of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 4 of the Fourth Superseding Indictment); and conspiracy to launder monetary instruments, in violation of 18 U.S.C. §§ 1956(h) and 2 (Bill of Information).[6] However, once the Pre-Sentence Report ("PSR")[7] in this matter was filed on February 9, 2021, reflecting a guidelines range of life imprisonment, Defendant filed numerous objections,[8] which resulted in the issuance of a Revised PSR that still, ultimately, reflected a guidelines range of life imprisonment.[9] Thus, before his sentencing was scheduled, Defendant moved to withdraw his guilty pleas.[10]

The Court denied these motions, finding that Defendant's guilty pleas were made knowingly and voluntarily with effective assistance of counsel.[11] The Court sentenced Defendant to a term of imprisonment of 360 months, the lowest sentence under the Sentencing Guidelines.[12] Judgment was entered on November 15, 2022.[13]

Defendant timely appealed on November 14, 2022.[14] On January 10, 2024, the Fifth Circuit affirmed Defendant's conviction and sentence.[15] The Fifth Circuit thoroughly reviewed the history of Defendant's case, re-evaluated the *Carr* factors in detail, and concluded that the Court "properly found" that "the balance of the *Carr* factors weigh[ed] against withdrawal of the guilty plea."[16]

---

[6] Rec. Doc. 784.
[7] Rec. Doc. 831.
[8] Rec. Doc. 894.
[9] Rec. Doc. 893.
[10] Rec. Docs. 927, 1173.
[11] Rec. Doc. 1064.
[12] Rec. Doc. 1252, pp. 25-29.
[13] Rec. Doc. 1235.
[14] Rec. Doc. 1233.
[15] Rec. Doc. 1268.
[16] *Id*. at p. 18 (citing *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984)).

Defendant subsequently filed the pending Motion to Vacate pursuant to 28 U.S.C. § 2255,[17] wherein he asserts four grounds for relief: (1) Defendant contends the Government breached the plea agreement and violated Rule 11(c)(2) of the Federal Rules of Criminal Procedure by failing to fully disclose in open court the contents of the Plea Agreement - namely, the fact that his decision to plead guilty prompted others to do the same;[18] (2) Defendant's conviction under 18 U.S.C. § 922(g)(1) violated his Second Amendment rights under the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022);[19] (3) Defendant again raises the spurious claim of prosecutorial misconduct via the commission of "fraud by forgery" of the late District Judge James Brady's signature in connection with certain wiretaps obtained in the course of this investigation;[20] and (4) Defendant asks the Court for "verbatim transcripts of the Change of Plea Hearing and the Motion to Withdraw Guilty Plea Hearing," so that he "can clearly demonstrate . . . the government's efforts to breach the plea agreement" and "exhibit the sworn testimony given by defense counsels of record, Mr. Bourland and Mr. Haley at the said hearing."[21]

The Government opposes Defendant's Motion, arguing that most of Defendant's claims have been waived under the Plea Agreement's "Waiver of Appeal and Collateral Remedies."[22] The Government also notes that both this Court and the Fifth Circuit held that Defendant knowingly and voluntarily entered into the Plea Agreement with the

---

[17] Rec. Doc. 1291.
[18] *Id.* at pp. 4–5. The Government notes: "Importantly, he frames Ground One, and only Ground One, as a Sixth Amendment claim of ineffective assistance of counsel insofar as he asserts that this issue was not raised on appeal and that his counsels' ineffectiveness is the reason why it was not raised. *Id*. at p. 4." Rec. Doc. 1324, p. 10.
[19] Rec. Doc. 1291, pp. 6–7.
[20] *Id*. at pp. 9–10.
[21] *Id*. at p. 12.
[22] *See* Rec. Doc. 784, p. 17.

Government, he properly waived collateral remedies, and he confirmed his understanding of same.[23] Next, the Government counters Defendant's claim under *Bruen*, noting that the *Bruen* decision did not hold § 922(g)(1) unconstitutional as applied to defendants with prior drug felonies and significant and violent criminal histories, like Defendant.[24] The Government also notes that Defendant's forgery claims have been fully litigated and previously rejected by this Court. Finally, the Government points out that all transcripts and documents Defendant seeks are part of the record in this matter and are fully accessible to him.

## II. LAW AND ANALYSIS

### A. Relief Under Section 2255

Under 28 U.S.C. § 2255, a federal inmate can file a motion to vacate, set aside, or correct their sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such a sentence, or [if] the sentence was in excess of the maximum authorized by law, or is otherwise subject to a collateral attack." Relief under Section 2255 is limited to "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[25]

The district court must conduct a preliminary review when a Section 2255 motion is filed.[26] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the

---

[23] Rec. Doc. 1116, p. 19, 30-31.
[24] Rec. Doc. 1324, pp. 14-15 (citing *United States v. John I. Davis*, No. 22-93-JWD-SDJ, 2025 WL 964439, at *7 (M.D. La. Mar. 31, 2025) (finding no meaningful distinction between a defendant's predicate felony convictions for drug trafficking and drug possession for purposes of § 922(g)(1) and the Second Amendment)).
[25] *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995).
[26] *United States v. Hutton*, No.16-184, 2020 WL 5517332, at *2 (E.D. La. Sep. 14, 2020).

motion."[27] Next, a court must hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[28] An evidentiary hearing is required if the prisoner produces any "independent indicia of the likely merit of [his] allegations."[29]

Further, an issue raised for the first time in a Section 2255 motion will only be considered if the defendant shows "cause" for his failure to previously raise the issue and "actual prejudice" resulting from the alleged error.[30] Vague or conclusory allegations are insufficient to raise a claim under 28 U.S.C. § 2255.[31]

The Court finds that no hearing is required on Defendant's motion because the record conclusively demonstrates that he is not entitled to relief sought.

**B. Government's Alleged Breach of Plea Agreement**

Defendant is not entitled to relief on this claim for several reasons. First, to the extent he attempts to re-litigate the voluntariness of his pleas and the binding nature of the Plea Agreement, this issue has been settled by the Fifth Circuit, and the Court will not revisit it. Second, Defendant's contention that he "tendered a conditional plea – Rule 1(c)(1)(C)," which allows parties to agree to a specific sentence binding on the Court once the Plea Agreement is accepted, is simply false. Defendant's Plea Agreement did not include an agreed-upon sentence or sentencing range, and the Court confirmed this at length on the record.[32] Third, the Government did, in fact, do what Defendant claims it failed to do – inform the Court at sentencing that several co-defendants pled guilty

---

[27] Rules Governing § 2255 Proceedings, Rule 4(b).
[28] 28 U.S.C. § 2255(b).
[29] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[30] *United States v. Frad*y, 456 U.S. 152,167-68 (1982).
[31] *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).
[32] *See* Rec. Doc. 784; Rec. Doc. 1116, pp. 48-51.

because Defendant did first.[33] Although the Court did not vary downward, the Court took this information into consideration and sentenced Defendant at the lowest end of the guidelines range.[34] Finally, Defendant's attempt to paint this claim as ineffective assistance of counsel – such that it can be properly brought under Section 2255 – fails procedurally and substantively. Accordingly, Defendant's motion is denied as to this claim.

### C. The *Bruen* Decision

Defendant contends that his Section 922(g) conviction is now unconstitutional under *Bruen*. Notwithstanding the fact that this argument is clearly barred by the terms of Defendant's Plea Agreement, it is also substantively without merit. In *Bruen*, the Supreme Court held that courts must engage in a two-step inquiry to determine whether a regulation placing restrictions on a party's Second Amendment rights is constitutional.[35] Since then, the Fifth Circuit has found that "[t]he Second Amendment allows Congress to disarm classes of people it reasonably deems dangerous."[36] As such, the Fifth Circuit upheld 18 U.S.C. § 922(g)(1)'s "prohibition on gun possession by individuals convicted of drug-trafficking felonies" because such prohibition "enacts [ ] a disarmament regime consistent with Bruen's 'why' and 'how' test."[37] Considering Defendant's plethora of qualifying predicate felonies, *Bruen* does not afford him any relief. Accordingly, Defendant's motion is denied as to this claim.

---

[33] *See* Rec. Doc. 1252, p. 14.
[34] *Id.* at p. 27.
[35] 597 U.S. at 2.
[36] *United States v. Kimble*, 142 F.4th 308, 314-15 (5th Cir. 2025).
[37] *Id*. at 315.

**D. Prosecutorial Misconduct/Forgery Claim**

The baseless allegations for this claim were raised by Defendant years ago in a Motion to Suppress.[38] The Court rejected this claim as a matter of fact and law and denied Defendant's Motion to Suppress.[39] Defendant did not appeal this decision to the Fifth Circuit and is, thus, procedurally barred from doing so now unless he can first demonstrate either "cause" and actual "prejudice," . . . or that he is "actually innocent."'"[40]

Defendant acknowledges the Court's prior Ruling and even attaches the Ruling as an exhibit to the pending motion; however, he offers no explanation for his failure to raise this issue on direct appeal other than to state: ""[t]his claim is readily more appropriate for a 28 USC § 2255 proceeding(s)."[41] Defendant does not present any argument or evidence to demonstrate cause, actual prejudice, or that he is "actually innocent," and he likewise fails to demonstrate to the Court any error in its previous Ruling. Accordingly, Defendant's motion is denied as to this claim.

**E. Request for Full Transcripts/Documents**

Defendant also moves the Court to provide him "verbatim transcripts of the Change of Plea Hearing and the Motion to Withdraw Guilty Plea Hearing," so that he "can clearly demonstrate . . . the government's efforts to breach the plea agreement" and "exhibit the sworn testimony given by defense counsels of record, Mr. Bourland and Mr. Haley at the said hearing."[42] Not only is this not appropriate relief under Section 2255, the Government

[38] Rec. Doc. 549.
[39] Rec. Doc. 552.
[40] *United States v. Gregg-Warren*, 2019 WL 3431156, at *6 (S.D. Tex. July 30, 2019) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citation omitted)).
[41] Rec. Doc. 1291, p. 9.
[42] *Id.* at p. 12.

correctly notes that all of the referenced transcripts are in the record and available to Defendant.[43]

**F. Certificate of Appealability**

The record demonstrates that Defendant's claims are frivolous, and no evidentiary hearing is warranted. Further, the Court finds that Defendant is not entitled to a certificate of appealability. An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2255 "unless a circuit justice or judge issues a certificate of appealability."[44] A certificate of appealability may issue only if a § 2255 petitioner has made a substantial showing of the denial of a constitutional right.[45]

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of h[er] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[46] In the instant case, the Court finds that reasonable jurists would not debate the denial of Defendant's motion.

[43] *See* Rec. Docs. 1116, 1117, 1244, & 1251.
[44] 28 U.S.C. § 2253(c)(1)(B).
[45] 28 U.S.C. § 2253(c)(2).
[46] *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005)(quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate under 28 U.S.C. § 2255[47] is DENIED. Defendant is not entitled to a certificate of appealability for the reasons stated.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on August 25, 2026.

Shelly D. Dick

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

[47] Rec. Doc. 1291.